UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCLIFF M. DALEY,<br><br>            Plaintiff,<br><br>    v.<br><br>DR. YU, et al.,<br><br>            Defendants. | Case No. 24-cv-09476-PCP<br><br>ORDER DENYING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE; AND DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>Re: Dkt. Nos. 13, 16 |

United States District Court
Northern District of California

Alcliff Daley, an inmate at the Substance Abuse Treatment Facility and State Prison in Corcoran, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983, regarding events which occurred while he was incarcerated at the Pelican Bay State Prison in Crescent City, California ("PBSP").

United States Magistrate Judge Donna Ryu concluded that Mr. Daley had stated a cognizable Eighth Amendment claim against defendants Yu and Jahn only, and ordered service as to those defendants. *See* Dkt. No. 4. Defendant Jahn moved for summary judgment. *See* Dkt. No. 16. Mr. Daley subsequently settled his claim against defendant Jahn. *See* Dkt. No. 113, *Daley v. Pelayo*, Case No. 20-cv-01129-JLT-FJS (E.D. Cal. March 12, 2026). Defendant Jahn's summary judgment motion accordingly is DENIED as MOOT.

Defendant Yu moved to dismiss Mr. Daley's complaint for failure to state a claim. Dkt. No. 13. Mr. Daley subsequently filed an Amended Complaint, Dkt. No. 25, which defendant Yu moved to strike, Dkt. No. 27. In the alternative, defendant Yu asked the Court to screen the Amended Complaint and establish a new briefing schedule. *See id*. at 3–4. Because district courts are directed to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2),

the request to strike the Amended Complaint is DENIED. The alternative request to screen the Amended Complaint pursuant to 28 U.S.C. § 1915A is GRANTED. The pending motion to dismiss is DENIED as moot. For the reasons stated below, the Amended Complaint is dismissed with leave to amend.

## I.    Background

At all relevant times, Mr. Daley was incarcerated at Pelican Bay State Prison ("PBSP"). *See* Am. Compl. at 3. As defendants, Mr. Daley names Xiong, a PBSP correctional officer; Halstead, the mental health supervisor and PBSP; and Yu, a doctor working in mental health at PBSP. *See id*. at 1, 2 (naming only these three defendants).

On June 14, 2024, Mr. Daley informed defendant Xiong that Mr. Daley "was feeling suicidal." *Id*. Defendant Xiong and a non-defendant officer escorted Mr. Daley to a holding cage for a mental health assessment. *See id*. Non-defendant Nurse Jahn performed an assessment, during which Mr. Daley "strip[ped] … to his boxers." *Id*. Nurse Jahn instructed defendant Xiong to sit in front of the holding cage and watch Mr. Daley. *See id*. Defendant Xiong did so, and Nurse Jahn "called mental health and [spoke] with mental health supervisor [defendant] Halstead," and informed defendant Halstead that a suicidal inmate needed an evaluation. *Id*. at 4.

Defendant Xiong ordered Mr. Daley "to get dress[ed] back in his personal clothing." *Id*. at 3. Mr. Daley's personal clothing included "athletic shorts with [a] drawstring, tennis shoes with lace[s], [a] durag with two long strings, and [a] thermal top." *Id*. at 3–4.

Four hours passed without mental health personnel performing an evaluation. *See id.* at 5. Defendant Xiong and non-defendant Gonzales called the mental health department to inquire about the status of the assessment. *See id*. Mr. Daley represents the mental health department stated it was "aware but they got other things to do and … [Mr. Daley] is not [a] priority." *Id*.

After this wait, Mr. Daley was "tired and overwhelmed," and "depress[ed] [by] the fact that mental health was disregarding his suicidal ideations and his well-being." *Id*. He tied his do-rag to the top of the holding cage and attempted to hang himself. *See id*. Defendant Xiong immediately activated his alarm, and a responding officer cut Mr. Daley down. *See id*. Mr. Daley was immediately taken to the medical clinic, and from there to the "CTC crisis unit." *Id*.

United States District Court
Northern District of California

Upon his arrival at the CTC crisis unit, Mr. Daley was seen by defendant Yu. *See id*. at 6. Mr. Daley informed defendant Yu that "if mental health had acted appropriately in a timely manner and followed the rules, policies and procedures there's a strong possibility [Mr. Daley] wouldn't have hung himself in the holding cage." *Id*. "In response, [defendant] Yu had an attitude and immediately walked out of the room." *Id*. Within a few minutes, a nurse arrived to complete the assessment, and Mr. Daley subsequently was admitted to suicide watch. *See id*.

Mr. Daley alleges that defendants Xiong, Halstead, and Yu were deliberately indifferent to his serious medical needs. *See id*.

## II.     Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.    Analysis

In the current operative complaint, Mr. Daley has not stated a cognizable Eighth Amendment claim against any defendant.

"'The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.* A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297).

United States District Court
Northern District of California

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A mentally ill prisoner may establish unconstitutional treatment on behalf of prison officials by showing that officials have been deliberately indifferent to his serious medical needs. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (explaining that mental health care requirements are analyzed as part of general health care requirements); *Conn v. City of Reno*, 591 F.3d 1081, 1094 (9th Cir. 2010) (concluding that a heightened suicide risk or an attempted suicide is a serious medical need and reversing grant of summary judgment to transporting police officers where plaintiffs presented sufficient evidence for a jury to find that the decedent's pre-suicidal actions objectively evidenced a serious medical need), *reinstated as modified by* 658 F.3d 897 (9th Cir. 2011).

A prison official is deliberately indifferent if he knows a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). Consequently, for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin*, 974 F.2d at 1060. The deliberate indifference standard does not require a showing that the prison official acted with an improper motive, such as an intent to harm; it is

4

United States District Court
Northern District of California

enough that the official acted or failed to act despite knowledge of a substantial risk of serious harm. *Edmo v. Corizon, Inc.*, 935 F.3d 757, 793 (9th Cir. 2019). For example, in *Conn*, the Ninth Circuit reversed the district court's grant of summary judgment to transporting police officers where a decedent's children presented sufficient evidence for a jury to conclude that transporting police officers (a) must have been subjectively aware that the decedent, a pre-trial detainee, was at an acute risk of harm (suicide) and suffered a serious medical need; (b) failed to respond properly to such risk by informing jail officials; and (c) the failure was both the actual and proximate cause of the decedent's suicide once at the jail. *See Conn*, 591 F.3d at 1097–1102.

Here, Mr. Daley has not identified any wrongdoing on the part of defendants Halstead or Yu. Mr. Daley alleges that non-defendant Jahn informed defendant Halstead, the "mental health supervisor," that a suicidal inmate needed a mental health evaluation. *See* Am. Compl. at 4. Mr. Daley does not identify any action taken by defendant Halstead that harmed him, or any action which defendant Halstead ought to have taken but did not. *See generally id*. For example, although Mr. Daley alleges that the four-hour delay in mental health treatment led to his suicide attempt, Mr. Daley does not explain how this delay was attributable to any action or inaction by defendant Halstead. *See generally id*. It therefore appears that Mr. Daley has sued defendant Halstead solely because defendant Halstead is a supervisor. This is impermissible; under no circumstances is there liability under section 1983 on the theory that one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) ("In a § 1983 suit … each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). If Mr. Daley wishes to bring a claim against defendant Halstead, he must identify actions which defendant Halstead took (or failed to take) which harmed Mr. Daley.

Mr. Daley alleges that defendant Yu "had an attitude" and did not perform a mental health assessment of Mr. Daley, but that a nurse performed the assessment "a few minutes later" and Mr. Daley "was then admitted to … suicide watch." Am. Compl. at 6. It thus is apparent on the face of the Amended Complaint that Mr. Daley was not denied medical care and did not suffer any harm as a result of defendant Yu's actions. To the extent Mr. Daley wishes to sue defendant Yu for his

"attitude," this does not state a claim. *See, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (finding that disrespectful and assaultive comments by prison guard were not enough to implicate the Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (concluding that defendant's directing vulgar language at prisoner does not state a constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"). If Mr. Daley wishes to bring a claim against defendant Yu, he must identify actions which defendant Yu took (or failed to take) which harmed Mr. Daley.

Finally, Mr. Daley has not shown that defendant Xiong acted with the required mental state. [1] Mr. Daley alleges that when he informed defendant Xiong of his suicidal ideation, defendant Xiong immediately escorted Mr. Daley to a holding cage, notified medical staff of the need for a mental health evaluation, and followed up with medical staff when the mental health evaluation appeared to be delayed. *See* Am. Compl. at 3–4. Mr. Daley argues that defendant Xiong "violate[d] CDCR policy … when he ordered [Mr. Daley] to get dress[ed]" in clothing that included elements Mr. Daley could later use to hang himself. *See id*. at 4. The specific elements Mr. Daley identifies, however, are strings which may have been concealed within the clothing. *See id*. at 3 (citing, *inter alia*, a drawstring within Mr. Daley's athletic shorts). Mr. Daley does not allege that these strings were visible to defendant Xiong, or that defendant Xiong was aware these strings were long enough and strong enough to be used in a suicide attempt. *See id*. at 3–4. Without facts showing that defendant Xiong ware subjectively aware of the presence of these strings, and that these strings could be used in an act of self-harm, Mr. Daley has not established that defendant Xiong was deliberately indifferent.

Because Mr. Daley has not identified any harmful action taken by defendants Halstead or Yu, and has not established that defendant Xiong had the required mental state, Mr. Daley has not

---

[1] Defendants argue Mr. Daley did not exhaust claims against defendant Xiong. *See* Dkt. No. 27 at 3. It is not clear from the Amended Complaint whether Mr. Daley cured this defect. *Compare* Am. Compl. at 2 (suggesting Mr. Daley is currently exhausting his claim against defendant Xiong) *with Saddozai v. Davis*, 35 F.4th 705, 708–10 (9th Cir. 2022) (allowing the failure to exhaust to be cured under certain circumstances). The Court does not reach defendants' exhaustion argument at this time but will consider a later dispositive motion regarding exhaustion if appropriate.

United States District Court
Northern District of California

stated a cognizable Eighth Amendment claim against any defendant.

## IV.    CONCLUSION

1.    The Amended Complaint does not state any cognizable claim. The Amended Complaint is therefore DISMISSED WITH LEAVE TO AMEND. If he truthfully can provide facts to support a claim, Mr. Daley may amend his Eighth Amendment claim.

2.    The SECOND AMENDED COMPLAINT shall be filed within **thirty-five days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (24-cv-09476-PCP) and the words SECOND AMENDED COMPLAINT on the first page. In the second amended complaint, Mr. Daley must allege facts that demonstrate he is entitled to relief on every claim against every defendant. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants). If Mr. Daley is able to state cognizable claims in the Second Amended Complaint, the Court will instruct the relevant defendants to respond to those claims.

3.    It is Mr. Daley's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4.    Mr. Daley is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____
P. Casey Pitts
United States District Judge

7